20962. CENTRAL OF GEORGIA RAILWAY CO. *v.* COOLEY.

STEPHENS, J. 1. Irrespective of the rule laid down in section 4426 of the Civil Code of 1910, which provides that "if the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover," the law imposes a duty upon a person at all times to exercise due care, under the circumstances, in going into a dangerous situation, as in going upon a railroad-track which is a place of danger, and provides, as laid down in section 2781 of the Civil Code of 1910, that "no person shall recover damage from a railroad company for injury to himself or his property, where the same is done by his consent, or is caused by his own negligence." These two sections of the code provide separate and distinct defenses available to a railroad company in a suit against it for injuries resulting from the operation of its trains. *Seaboard Air-Line Railway Co.* v. *Sarman,* 38 *Ga. App.* 637 (7) (144 S. E. 810), and cit. See also *Donaldson* v. *Central of Georgia Railway Co.,* 43 *Ga. App.* 480 (159 S. E. 738); *Western & Atlantic Railroad* v. *Ferguson,* 113 *Ga.* 708 (39 S. E. 306, (54 L. R. A. 802); *Collum* v. *Georgia Railway & Electric Co.,* 140 *Ga.* 573 (79 S. E. 475).

2. Upon the trial of a suit against a railroad company to recover damages for personal injuries alleged to have been sustained by the plain-

tiff at a public railroad-crossing as a result of the alleged negligence of the defendant as respects the operation of one of its trains at the crossing, where, one of the defenses relied upon by the defendant, as alleged in its plea, was that the plaintiff's injuries were contributed to and caused by her own negligence in failing to exercise ordinary care, and where there was evidence that the plaintiff proceeded across a track at a crossing, in the wake of a train which had just passed, when, at the time, her vision along a parallel track upon which a train of the defendant was approaching was obscured by the train which had just passed, and that for this reason she could see along this track only a distance of twenty feet, that she proceeded upon the track on which the approaching train was coming, and was hit by the train and injured, that when she proceeded to cross the railroad-tracks the watchman at the crossing had his stop sign raised and thereby gave warning of the danger of the approaching train, that there was a waiting streetcar on the other side of the crossing in the direction in which she was going, that she was in a hurry, that the approaching train had, before reaching the crossing, heralded its approach by the ringing of the bell and the blowing of the whistle, the evidence was sufficient to authorize the inference· that the plaintiff, in crossing the railroad-tracks,· was not in the exercise of ordinary care, and in so doing was guilty of such negligence as proximately caused the injuries or contributed thereto. Since this defense was specially pleaded by the defendant, it was reversible error for the court to fail to give in charge to the jury the law with reference thereto, as laid down in section 2781 of the Civil Code of 1910. See *Atlantic Coast Line R. Co.* v. *Anderson*, 35 *Ga. App.* 292 (133 S. E. 63).

3. Although the judge in his charge instructed the jury that it was one of the contentions of the defendant that the plaintiff's injuries were contributed to or caused by her own negligence and failure to exercise ordinary care, he nowhere charged the jury that any duty rested upon the plaintiff to exercise ordinary care in going upon the defendant's railroad-track, or as to the effect of her negligence, if there was any, in going upon the defendant's track. Where the court repeatedly instructed the jury that a duty rested upon the plaintiff to exercise ordinary care to avoid the consequences of the defendant's negligence, and that this duty did not arise until the plaintiff either knew of this negligence or in the exercise of ordinary care should have known of it, an instruction as to the law of comparative negligence, or a mere statement elsewhere in the charge, incorporated in a sentence, as indicated below, that "if the only cause of the injury was the negligence of the plaintiff herself," there could not be a recovery, was not equivalent to an instruction that a duty rested upon the plaintiff to exercise ordinary care in going upon the railroad-track, and if a failure so to do amounted to negligence, proximately causing the injury, there could not be a recovery. This expression was contained in the following sentence taken from the charge of the court: "As before charged, if the defendant was not negligent in any of the particulars charged in this declaration, or, if negligent, such negligence did not cause the injury to the plaintiff; or if the only cause of the injury was the

negligence of the plaintiff herself, or if the plaintiff and the defendant were equally negligent, or if the plaintiff failed to exercise ordinary care to have avoided the consequences of the defendant's negligence, if any, then there could be no recovery in this case."

4. Since it is not probable that the alleged error in the admission of the documentary evidence consisting of a plat will recur upon another trial of this case, this alleged error is not passed upon.

5. The jury having rendered a verdict for the plaintiff, the court erred in not granting the defendant a new trial.

*Judgment reversed. Broyles, C. J., and Bell, J., concur.*

DECIDED SEPTEMBER 30, 1931.

*Little, Powell, Reid & Goldstein, Marion Smith,* for plaintiff in error.

*Hewlett & Dennis, Lindley W. Camp,* contra.