A89A1946. HOUSTON v. GEORGIA NORTHEASTERN
RAILROAD COMPANY, INC.
(388 SE2d 762)

McMURRAY, Presiding Judge.

Plaintiff Patricia Houston, a/k/a Patricia Houston Post, brought this action against Georgia Northeastern Railroad Company, Inc., seeking damages for the wrongful death of William Rex Post. Following discovery, defendant moved for summary judgment. The motion was granted and plaintiff appealed.

Viewing the evidence in favor of plaintiff, the party opposing the summary judgment motion, we find the following: On January 5, 1988, Jeff Knowles and Donnie Plumley were driving a train which was owned and operated by defendant. Knowles, the engineer, and Plumley, the brakeman, were defendant's employees.

At about 3:30 p.m., Knowles saw the decedent walking (with the assistance of a cane) near the train tracks. Knowles sounded the horn and rang the bell and the decedent moved aside. Approximately one hour later, Knowles again saw the decedent. This time, however, the decedent was not so near the tracks as to warrant the sounding of the horn or the ringing of the bell. Two hours later, at about 6:30 p.m., Plumley saw a dark figure lying on the tracks. The brakes were applied immediately but it was too late to prevent the train from running over the decedent. An autopsy of the decedent revealed a "blood alcohol level of .33% grams."

At the time of the accident, Knowles and Plumley were keeping a lookout. The train was going approximately 15 miles per hour and the lights were on. The accident occurred more than 50 feet from any railroad grade crossing. *Held*:

"In *Ashworth v. Southern Ry. Co.*, 116 Ga. 635 (43 S.E. 36, 59 L.R.A. 592), it was held that '[t]he only duty which a railroad company owes in this State to a trespasser on or about its property is not to injure him wantonly or wilfully; but this rule does not relieve the company, under all circumstances, from anticipating the presence of a trespasser upon its property and from taking proper precautions to prevent injury to him.' " *Central of Ga. R. Co. v. Sharpe*, 83 Ga. App. 12, 18 (2), 18 (62 SE2d 427). In the case sub judice, the evidence demonstrates that defendant's employees proceeded with caution as they made their way down the tracks. The train was going a mere 15 miles

per hour and the lights were on. Defendant's employees were keeping a lookout and the brakes were applied as soon as the decedent was spotted. Accordingly, we find no evidence demonstrating that defendant failed to take proper precautions to prevent injury to the decedent.

Relying upon OCGA § 46-8-292, plaintiff contends a genuine issue of material fact remains with respect to defendant's negligence vel non. Pursuant to that Code section, a rebuttable presumption of negligence arises whenever a person is injured on a railroad track by the running of locomotives or cars of railroad companies. The presumption disappears, however, "when the railroad company introduces evidence showing the exercise of reasonable care and skill, that is, ordinary care, by its employees in the operation of the train at the time and place in question. [Cit.]" *Gay v. Sylvania Central R. Co.*, 79 Ga. App. 362, 368 (4) (53 SE2d 713). In view of defendant's showing of ordinary care, it was up to plaintiff to show by the evidence that there remains a genuine issue for trial. OCGA § 9-11-56 (e). Moreover, it was incumbent upon plaintiff to make this showing without any aid from OCGA § 46-8-292. *Macon, Dublin &c. R. Co. v. Stephens*, 66 Ga. App. 636, 639 (19 SE2d 32). This plaintiff failed to do.

The trial court did not err in granting defendant's motion for summary judgment.

*Judgment affirmed. Carley, C. J., and Beasley, J., concur.*

DECIDED NOVEMBER 27, 1989

*Jack M. Smith, Paul D. Horton*, for appellant.

*Alston & Bird, Jack H. Senterfitt, Donna P. Bergeson*, for appellee.