A90A0646. WALL v. SOUTHERN RAILWAY COMPANY.
(396 SE2d 266)

CARLEY, Chief Judge.

While crossing two parallel railroad tracks at their intersection with a city street, appellant-plaintiff was struck by one of appellee-defendant's trains. Seeking to recover for the injuries that he suffered, appellant brought this negligence action against appellee. He appeals from the trial court's grant of appellee's motion for summary judgment,

1. Construed most favorably to appellant, the record reveals the following: When appellant approached the railroad crossing, one of appellee's trains was stopped so that its caboose blocked half of the crossing. After waiting one-half hour, appellant followed two other

pedestrians around the caboose of the stationary train and was struck by another of appellee's trains that was traveling on the parallel track. Appellant's view of the moving train was obstructed by the stationary train. Although there were no "guards down" at the intersection, appellee presented unrebutted evidence that the crossing was equipped with other warning devices which were operational during the time in question. Moreover, the lights, bells and whistle on the moving train were in operation and the train was proceeding very slowly, eight to ten miles per hour. The railroad signal for the moving train was green.

"Relying upon OCGA § 46-8-292, [appellant] contends a genuine issue of material fact remains with respect to [appellee's] negligence vel non. Pursuant to that Code section, a rebuttable presumption of negligence arises whenever a person is injured on a railroad track by the running of locomotives or cars of railroad companies. The presumption disappears, 'however, 'when the railroad company introduces evidence showing the exercise of reasonable care and skill, that is, ordinary care, by its employees in the operation of the train at the time and place in question (Cit.)' [Cit.] In view of [appellee's] showing of ordinary care, it was up to [appellant] to show by the evidence that there remains a genuine issue for trial. OCGA § 9-11-56 (e). Moreover, it was incumbent upon [appellant] to make this showing without any aid from OCGA § 46-8-292. [Cit.]" *Houston v. Ga. Northeastern R. Co.*, 193 Ga. App. 687, 688 (388 SE2d 762) (1989).

Appellee contends that "[t]he *mere act* of stopping railroad cars on a crossing for such a length of time as might be reasonably necessary in the conduct of the railroad's business would not constitute negligence on the part of [appellee]." (Emphasis in original.) *Atlantic Coast Line R. Co. v. Marshall*, 89 Ga. App. 740, 743 (2) (81 SE2d 228) (1954). There is, however, evidence in the instant case other than appellee's *mere act* of stopping one of its trains on a crossing. There is also evidence of the *obstruction* of appellant's vision by one of appellant's trains that was partially blocking a *two-track* crossing for a half-hour. " 'While a railway company has generally the right to [stop] cars upon its sidetracks, it is a jury question whether the [stopping] of cars upon a particular sidetrack, under stated circumstances, is negligence as related to one whose injury may have been caused *or contributed to* by the improper or untimely placing of such cars.' . . . [T]he maintaining of cars on sidetracks so as to obstruct the view of persons entering the crossing may be considered by the jury as a separate act of negligence contributing to the injury although other acts of negligence might be alleged in regard to the speed of the train, failure to signal and to provide flagmen, etc." (Emphasis in original.) *Western & Atlantic R. Co. v. Davis*, 116 Ga. App. 831, 835-36 (1b) (159 SE2d 134) (1967). See also *Atlantic Coast Line R. Co. v. Clark*,

93 Ga. App. 278 (91 SE2d 386) (1956).

Moreover, "the mere presence of safety precautions such as automatic signalling devices [neither] renders the railroad free from negligence as a matter of law, [n]or relieves it from adopting such other measures as public safety and common prudence dictate." *Seaboard Coast Line R. Co. v. West*, 155 Ga. App. 391, 392 (1) (271 SE2d 36) (1980). See also *Isom v. Schettino*, 129 Ga. App. 73, 75 (1) (199 SE2d 89) (1973). This would be especially true where, as here, the automatic signalling devices were in operation for a half-hour due to the presence of a stationary train which otherwise obstructed appellant's view of the moving train on the parallel track. Cf. *Seaboard Coast Line R. Co. v. West*, supra at 392 (1). "[O]rdinarily a railroad is not bound to maintain a watchman or flagman at a crossing, but must do so if the particular circumstances demand it. We hold that the evidence in this case would authorize [a] jury, under all the facts and circumstances involved here, to find that [appellee] should have exercised more diligence than this record reveals." *Atlantic Coast Line R. Co. v. Assoc. Transports*, 94 Ga. App. 563, 566 (3) (95 SE2d 755) (1956). The failure to employ additional precautions " ' "may amount to negligence under the particular facts and circumstances, although there is no statute so declaring." (Cit.)' " *Southern R. Co. v. Ga. Kraft Co.*, 188 Ga. App. 623, 624 (5) (373 SE2d 774) (1988).

2. Appellee further contends that, even if it were negligent, appellant failed to exercise ordinary care for his own safety as a matter of law and, thus, appellant is barred from any recovery. See OCGA § 46-8-291. There may be evidence of record "sufficient to *authorize* the inference that [appellant], in crossing the railroad-tracks, was not in the exercise of ordinary care, and in so doing was guilty of such negligence as proximately caused the injuries or contributed thereto." (Emphasis supplied.) *Central of Ga. R. Co. v. Cooley*, 44 Ga. App. 118, 119 (2) (160 SE 812) (1931). Nevertheless, even the fact that appellant "may have been aware of the 'obstruction' does not *mandate* the finding that [he] failed, *as a matter of law*, to exercise ordinary care in crossing the track. ' "Questions as to diligence and negligence, including contributory negligence, being questions peculiarly for the jury, the court will decline to solve them . . . except in plain and indisputable cases." (Cit.)' [Cit.] . . . [I]t was not incumbent upon [appellant] to exercise that degree of care which would have absolutely prevented [his] injuries." (Emphasis supplied.) *Farmers Mut. Exchange v. Milligan*, 156 Ga. App. 38, 39 (274 SE2d 83) (1980). See also *Central of Ga. R. Co. v. Gibson*, 90 Ga. App. 512, 517-518 (4) (83 SE2d 271) (1954).

"Where the evidence does not disclose, as in this case, whether or not the injured person failed to look or listen, in the absence of evidence to the contrary it is presumed that he complied with any duty

that may have devolved upon him in that regard. [Cits.] . . . There being no evidence to show what precautions [appellant] took before going on the crossing, or as to whether he discovered the negligence of [appellee] in time to avoid it, or that he could have avoided it by the exercise of ordinary care, the [trial] court should have [denied appellee's motion for summary judgment]. [Cit.]" *Collier v. Pollard*, 60 Ga. App. 105, 109-110 (2 SE2d 821) (1939). See also *Dodd v. Callaway*, 76 Ga. App. 629, 635-36 (3) (46 SE2d 740) (1948). The conclusion that appellant must not have looked may "be drawn by a jury, but only rarely may it be drawn by an appellate court, and never where there is evidence . . . that obstructions did exist along the roadway and the railroad right of way. [Cit.]" *Seaboard Coast Line R. Co. v. Mitcham*, 127 Ga. App. 102, 104 (1) (192 SE2d 549) (1972).

3. Genuine issues of material fact remain, both as to appellee's negligence and appellant's failure to exercise ordinary care for his own safety. It follows that the grant of summary judgment in appellee's favor must be reversed.

*Judgment reversed. McMurray, P. J., and Sognier, J., concur.*

DECIDED JULY 3, 1990 —
REHEARING DENIED JULY 20, 1990.

*James E. Thompson*, for appellant.
*Neely & Player, Edgar A. Neely III, Tami L. Brown*, for appellee.