A03A0636. TOWN OF REGISTER v. FORTNER et al.
A03A0637. OGEECHEE RAILWAY v. FORTNER et al.
(618 SE2d 26)

SMITH, Presiding Judge.

In *Fortner v. Town of Register*, 278 Ga. 625 (604 SE2d 175) (2004), the Georgia Supreme Court reversed the judgment of this court in *Town of Register v. Fortner*, 262 Ga. App. 507 (586 SE2d 54) (2003), which more fully sets out the facts of this case. The Supreme Court concluded that the common law action against the town and Ogeechee Railway was not precluded either by OCGA § 32-6-51 (b) (3) in particular or by the Georgia Code of Public Transportation in general. On remand, we vacate our judgment and make the judgment of the Supreme Court the judgment of this court, and we now address the appellants' remaining contentions.

1. The town and Ogeechee contend that any negligence on their part was not the proximate cause of Fortner's death. They base their arguments in large part on the testimony of the two eyewitnesses to the collision of Fortner's tractor-trailer and the locomotive operated by an Ogeechee employee. Jim Rushing testified by affidavit that on the date of the accident, after crossing a set of railroad tracks, he looked in his rear-view mirror and noticed a tractor-trailer driving in the same direction, approaching the railroad tracks. He stated further that "[a]fter momentarily looking ahead, I looked back in my

rear-view mirror and saw the tractor trailer come to an abrupt stop on the railroad tracks. The time which I looked ahead was not long enough for the tractor trailer to have [stopped] and to have started again before making the abrupt stop I witnessed." According to Rushing,

> [a]t that point, I watched the tractor trailer in my rear-view mirror until it was struck by the train. The tractor trailer never moved from the time I saw it stop until the accident occurred. The driver of the tractor trailer did not stop at the stop sign. The driver of the tractor trailer stopped only one time, and that was on the railroad tracks, where the truck was struck by the train.

Rushing returned to the accident scene and recalled during his deposition that the air conditioner was running and the radio was playing in Fortner's vehicle.

Wyman Harley, the locomotive engineer, testified by affidavit that the locomotive's lights were on and he was sounding the whistle and bell as the train approached the crossing at issue and that he first saw Fortner's vehicle when it was 20 to 30 feet north of the crossing. According to Harley, Fortner's vehicle was moving too fast to stop before it reached the crossing. He testified that the vehicle came to a "sudden abrupt stop on the crossing. He stopped only one time, at the point of impact with the train."

The record does not demand a finding as a matter of law that the accident was caused by Fortner's negligence, if any. Rushing watched the accident in his rear-view mirror, as he was driving away from the train tracks. Furthermore, Rushing's own affidavit and deposition testimony show that he was not continuously watching the scene. He noticed Fortner's vehicle in his rear-view mirror, he looked away, and when he looked a second time in his mirror, he allegedly saw the vehicle stopped on the railroad tracks. Although in Rushing's opinion Fortner did not have time to stop between the first time he looked in his mirror and the second time he did so, this is merely his conclusion, and this issue is inherently one for a jury to decide. Furthermore, given the Supreme Court's conclusion that "vision-obstructing vegetation was planted as part of the construction of a municipal park," *Fortner*, supra, 278 Ga. at 627, fact issues exist as to whether Fortner could have seen the train, regardless of whether he stopped. Rushing's testimony does not provide a basis for granting summary judgment to the appellants.

Neither does Harley's affidavit or deposition testimony demand summary judgment on the issue of proximate cause. That evidence does not establish that Harley continuously observed Fortner from

the time he first observed Fortner approximately 20 or 25 feet "before the intersection" until the time of the collision. When asked where the truck was located in relationship to the stop sign at the crossing, Harley answered, "I don't remember exactly where the stop sign sits on that side of the road. How far it is back from the track right there, I can't answer that question." In addition, he stated that he did not "know one way or another if" Fortner had reached or passed the stop sign when he first saw him on the date of the collision. We note Harley's testimony that at one point, "[f]arther back up the railroad track before" Harley could see Fortner, "there were some bushes and so forth in [Harley's] way."

It is axiomatic that under OCGA § 9-11-56, summary judgment is appropriate only when the facts, construed against the movant, plainly and palpably show the nonexistence of any genuine issue of material fact. Issues of proximate cause and contributory negligence are peculiarly questions for the jury, unless the evidence plainly and indisputably shows otherwise. *Wall v. Southern R. Co.*, 196 Ga. App. 483, 485 (2) (396 SE2d 266) (1990). This simply is not such a case. As stated by the trial court, neither eyewitness "had a continuous, direct view of the area in which Mr. Fortner allegedly did not stop his truck," and "based on the record as a whole, the evidence is not so plain and indisputable that the case should be taken from the jury."

2. The town argues that it was entitled to summary judgment on the plaintiffs' nuisance claim. We do not agree. As noted by the trial court:

> [T]he plaintiffs submitted evidence of correspondence between the town and [Ogeechee] indicating that in the months preceding the accident, the defendants were aware that the overgrown shrubbery needed to be cut back to prevent interference with the line of sight. Plaintiffs also submitted photographs of the railroad tracks taken from the stop sign area in front of the tracks, from which a jury might conclude that the shrubs obscured visibility.

Given these facts and the Supreme Court's rulings in *Fortner*, supra, the trial court properly denied summary judgment to the town on the nuisance claim.

*Judgments affirmed. Ruffin, C. J., and Miller, J., concur.*

DECIDED JUNE 16, 2005 —
RECONSIDERATIONS DENIED JULY 27, 2005 —

*Brennan, Harris & Rominger, Mason White, James D. Kreyenbuhl, Casey, Gilson & Leibel, Matthew D. Williams, Robert S. McEvoy, Mark G. Hatton*, for appellants.

*Smith & Jenkins, Wilson R. Smith, Robert L. Jenkins, Mark F. Dehler, Michael E. Perez*, for appellees.