A07A1899. RACHELS et al. v. THOMPSON.
(658 SE2d 890)

ANDREWS, Presiding Judge.

Patricia Rachels, individually, and as mother and next friend to Winston C. Rachels, Jr., her deceased minor son, appeals from the trial court's grant of summary judgment to Walter Thompson, the owner of land adjacent to the intersection where Rachels, Jr. died

---

following an automobile accident. Rachels alleged that the over-growth on Thompson's lot obscured the view of her son and caused the accident.

> To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. A defendant may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a genuine jury issue on at least one essential element of plaintiff's case.

(Punctuation omitted.) *Jackson v. City of Hahira*, 244 Ga. App. 322-323 (535 SE2d 327) (2000), citing *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

Viewed with all inferences in favor of Rachels, the evidence here was that, around midnight on July 4, 2003, Rachels, Jr. was driving his truck northbound on Kent Rock Road, approaching Emmitt Steel Road. There is a stop sign on Kent Rock Road at its intersection with Emmitt Steel Road, but no stop sign on Emmitt Steel Road. Around this same time, Ashley Grant was traveling westbound on Emmitt Steel Road in a Jeep. Grant did not see Rachels, Jr.'s truck until immediately prior to the accident. The truck and the Jeep collided, with the right front side of the truck meeting the left front side of the Jeep. According to Trooper Cuendet, who investigated the accident, Rachels, Jr.'s front wheels were turning left at the time of the accident. There were no skid marks from the Jeep after the accident, indicating that Grant did not see the truck until the collision.

As part of his investigation, Trooper Cuendet placed a portable light in the westbound lane of Emmitt Steel Road just right of the centerline 20 yards from the intersection with Kent Rock Road, indicating the Jeep's direction of travel. He then walked back to Kent Rock Road, stood opposite the stop sign, looked back toward the light and took a picture. According to Trooper Cuendet, a driver at the stop sign on Kent Rock Road looking to his right up Emmitt Steel Road had adequate visibility. In his opinion, Rachels, Jr. failed to yield at the intersection and, had he survived, he would have been cited for this violation.[1] Further, in Trooper Cuendet's opinion, line of sight was not an issue in the accident.

---

[1] Although Rachels submitted the affidavit of Professional Engineer Burnham in opposition to the motion for summary judgment, that affidavit is composed primarily of conclusions

Thompson's motion for summary judgment was premised on Rachels, Jr.'s actions being the sole or predominate proximate cause of the accident. Pretermitting whether the superior court correctly relied on this basis for granting summary judgment,[2] the court's ruling was right for another reason and we affirm the decision under the "right for any reason" rule. *Nat. Tax Funding v. Harpagon Co.*, 277 Ga. 41 (586 SE2d 235) (2003) (A judgment of a lower court may be affirmed so long as it is right for any reason.); *Shadix v. Carroll County*, 274 Ga. 560, 565 (3) (c) (554 SE2d 465) (2001).

The complaint alleged that the property owned by Thompson "was overgrown with foliage which prevented someone from seeing oncoming cars proceeding westbound on Emmitt Steel Road while stopped at the stop sign at Kent Rock Road." Rachels, Jr.'s negligence claim was premised upon Thompson's having violated OCGA § 32-6-51 (b), which provides, in pertinent part, that

> [i]t shall be unlawful for any person to erect, place, or maintain in a place or position visible from any public road any unauthorized sign, signal, device, or other structure which: . . . (3) Obstructs a clear view from any public road to any other portion of such public road, to intersecting or adjoining public roads, or to property abutting such public road in such a manner as to constitute a hazard to traffic on such roads.

This section has been interpreted to include purposely planted trees and other vegetation. *Fortner v. Town of Register*, 278 Ga. 625, 627 (2) (604 SE2d 175) (2004); *United Refrigeration Svcs. v. Emmer*, 218 Ga. App. 865, 866 (1) (463 SE2d 535) (1995) (OCGA § 32-6-51 (b) (3) applied to an allegedly vision-obstructing row of trees planted by the defendant); see also *Howard v. Gourmet Concepts Intl.*, supra at 522 (1) (a) (applying OCGA § 32-6-51 to "planted trees, shrubbery, and vegetation"). "Where vegetation is purposely planted, whether for landscaping or some other function, it may constitute a 'structure' as used in statutory language. *Wilson v. Handley*, 97 Cal. App. 4th 1301, 119 Cal. Rptr. 2d 263, 267 (I) (Cal. App. 2002)." *Fortner v. Town of Register*, supra.

---

reached by Burnham not based on facts contained in the record and was, therefore, insufficient to defeat summary judgment. *Whitley v. Piedmont Hosp.*, 284 Ga. App. 649, 656 (2) (644 SE2d 514) (2007).

[2] *Howard v. Gourmet Concepts Intl.*, 242 Ga. App. 521, 522 (1) (529 SE2d 406) (2000) (plaintiff failed to come forward with evidence to counter defendant's evidence that driver's actions were sole cause of the accident); see *Nelson v. Silver Dollar City*, 249 Ga. App. 139, 144 (3) (547 SE2d 630) (2001) (driver's failure to yield to oncoming traffic while making left turn was sole proximate cause of accident, even if shrubbery obscured view).

Here, there is no evidence that the foliage at issue was purposely planted by Thompson. The photographs placed into the record by Rachels in opposition to the motion show a lot overgrown with kudzu. Further, in his response to interrogatories, Thompson stated that "[t]here are no improvements on the property[,]" and "[s]ince there were no improvements on the property, no maintenance was required."

Therefore, Rachels has failed to show a breach of duty by Thompson and summary judgment was correctly granted to him.

*Judgment affirmed. Ellington and Adams, JJ., concur.*

DECIDED MARCH 7, 2008 — 

*Lovett, Cowart & Ayerbe, Paul R. Ayerbe*, for appellants.
*Magill & Atkinson, Seth M. Diamond*, for appellee.