S10A1049. THORSEN v. SABER.

(701 SE2d 133)

CARLEY, Presiding Justice.

The private residence of James Thorsen and a bar operated by Tamer Saber, d/b/a Hookahmeup, are located in adjoining buildings in a commercial zoning district in downtown Columbus, Georgia. Thorsen brought suit against Saber for injunctive relief, alleging that the emission of amplified music from the bar constituted a public and private nuisance, disturbing the sleep of Thorsen and his wife and preventing the quiet enjoyment of their home. The trial court entered a temporary restraining order and scheduled a hearing. Thereafter, Saber filed an answer and an evidentiary hearing was held.

Based upon a joint letter from the parties' attorneys, the trial court then postponed the due date of previously ordered briefs to give the parties time to schedule experts to conduct testing and determine if there is a sound configuration agreeable to both parties. After that study and further submissions, the trial court entered an order prohibiting the emission of amplified sound from Saber's place of business in excess of 105 decibels on a c-weighted scale and further restricting the placement of speakers within the bar. Thorsen appeals from that order.

1. Thorsen contends that the trial court's order violates the Columbus Code of Ordinances by allowing Saber to emit amplified sound in excess of that which is specified therein and in the absence of permission from the Chief of Police.

Although both parties present arguments regarding the language of the local noise ordinance, neither party provides a record reference for the ordinance, and our review of the record does not reveal any copy thereof. See *Fulton Greens v. City of Alpharetta,* 272

Ga. App. 459, 461, fn. 9 (612 SE2d 491) (2005). Saber attaches a purported copy of the ordinance to his brief, but that copy is not certified. " '(I)t is well established by numerous decisions of this court that judicial notice can not be taken by the superior court or this court of city or county ordinances, but they must be alleged and proved.' [Cits.]" *Childers v. Richmond County*, 266 Ga. 276, 277 (467 SE2d 176) (1996).

> The proper method of proving a city ordinance is by production of the original or of a properly certified copy. [Cit.] The record contains neither the original nor a properly certified copy of the city-promulgated document which purportedly contains the [provisions] which [Thorsen] seek[s] to [enforce] judicially. The trial court would have been in error if it had ordered [Saber] to comply with the terms of an ordinance not properly before the court. [Cit.]

*Police Benevolent Assn. of Savannah v. Brown*, 268 Ga. 26, 27 (2) (486 SE2d 28) (1997). "Because the record contains no proper proof of the [local noise] [o]rdinance, we cannot consider its language . . . . [Cit.]" *Fulton Greens v. City of Alpharetta*, supra. Therefore, this enumeration provides no basis for vacating the trial court's order.

2. Thorsen further contends that the trial court erred in failing to apply Georgia nuisance law properly to the facts of this case, resulting in an order which allows Saber to emit amplified sound to an extent which violates that law. In support of this enumeration, Thorsen recites certain evidence which he claims to be undisputed. However,

> [t]he burden is upon the party asserting error to show error by the record. And where, as here, the alleged error concerns the propriety of injunctive relief, the party asserting error must include transcripts of the evidence and proceedings. In the absence of such transcripts, we presume that the evidence supports the issuance of the injunction. [Cit.] . . . We have no information whatsoever. The facts and circumstances of this case were presented to the trial court, but not recorded for review. We do not know what evidence was presented. Thus, it cannot be said that the injunction is too [permissive].

*Turner v. Flournoy*, 277 Ga. 683, 684-685 (1) (594 SE2d 359) (2004). For the same reason, we likewise cannot say that the terms of the injunction constituted an abuse of discretion in this case. See *Cotton, Inc. v. Phil-Dan Trucking*, 270 Ga. 95, 96 (5) (507 SE2d 730) (1998).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 20, 2010 —
RECONSIDERATION DENIED OCTOBER 18, 2010.

*Joshua R. McKoon*, for appellant.
*Virgil T. Theus*, for appellee.