A11A1975. CORMIER v. WILLIS.
(722 SE2d 416)

McFADDEN, Judge.

This appeal is from the grant of summary judgment to a defendant in a dog-bite case. Because the evidence shows that the

defendant neither owned nor kept the dog, we affirm.

> Summary judgment is appropriate when no genuine issues of material fact remain and the moving party is entitled to judgment as a matter of law. On appeal, we review a trial court's grant of summary judgment de novo, construing the evidence and all inferences drawn from it in a light favorable to the nonmovant.

(Citations and punctuation omitted.) *Stolte v. Hammack*, 311 Ga. App. 710 (716 SE2d 796) (2011).

So construed, the evidence shows that on the morning of July 2, 2009, Annie Cormier, an employee of a home healthcare provider, went to Joseph Willis' home in Augusta, Georgia. Cormier had cared for Willis' elderly mother-in-law for several years. Willis was not at home at the time because he was out of the state on vacation. But his 27-year-old daughter, Carmaleita Willis, was there, visiting from Atlanta. Carmaleita had her pit bull, named Kain, with her at the house. Carmaleita had gotten the dog several years earlier while attending college in Virginia.

On the morning of July 2, as Cormier sat in her car in the driveway, Kain was chained on the porch. But he slipped out of his collar, ran and jumped into Cormier's car through the open front passenger window, and bit Cormier on the elbow. Cormier began honking the car horn, and Carmaleita Willis came outside and called for Kain. The dog immediately let go of Cormier's arm, jumped out of the car and went to Carmaleita Willis.

Cormier sued both Joseph and Carmaleita Willis pursuant to OCGA § 51-2-7, which provides that "[a] person who owns or keeps a vicious or dangerous animal of any kind and who, by careless management or by allowing the animal to go at liberty, causes injury to another person who does not provoke the injury by his own act may be liable in damages to the person so injured." The trial court granted summary judgment to Joseph Willis, finding that he did not own or keep the dog as contemplated by OCGA § 51-2-7. Cormier appeals.

1. Cormier argues that the trial court erroneously failed to consider a local ordinance which purportedly establishes more stringent liability standards for dog owners than OCGA § 51-2-7. However, Cormier has not provided a record reference for the local ordinance, and Willis asserts that it is not in the record. Indeed, our review of the record does not reveal any copy of the local ordinance.

> It is well established by numerous decisions of this court that judicial notice can not be taken by the superior

> court or this court of city or county ordinances, but they must be alleged and proved. The proper method of proving a city ordinance is by production of the original or of a properly certified copy. The record contains neither the original nor a properly certified copy of the [locally]-promulgated document which purportedly contains the provisions which [Cormier] seeks to enforce judicially. The trial court would have been in error if it had ordered [Willis] to comply with the terms of an ordinance not properly before the court.

(Citations and punctuation omitted.) *Thorsen v. Saber*, 288 Ga. 18, 19 (1) (701 SE2d 133) (2010). Because the record does not contain proper proof of the local ordinance, we cannot consider it, and any argument based on its purported language provides no basis for reversing the trial court's order. See id.

2. The trial court also did not err in finding that Joseph Willis was not the owner or keeper of the dog as contemplated by OCGA § 51-2-7. With regard to ownership, Cormier averred as fact in her complaint that the dog was owned by Carmaleita Willis, and that fact was confirmed by Carmaleita Willis in her answer to the complaint. "It is well established that a party may make admissions in judicio in their pleadings, . . . [and w]hat a party admits to be true in its pleadings may not subsequently be denied." (Citations and punctuation omitted.) *Kensington Partners v. Beal Bank Nevada*, 311 Ga. App. 196, 196-197 (1) (715 SE2d 491) (2011). Thus, Cormier's admission of fact in her complaint and Carmaleita Willis' confirmation of that fact in her answer "constitute binding admissions in judicio. [Cit.]" *Coosa Valley Technical College v. West*, 299 Ga. App. 171, 177 (2) (682 SE2d 187) (2009). Moreover, Cormier made the same admission of ownership during her deposition, testifying that Kain "was Carmaleita's dog." Accordingly, there is no genuine issue of material fact as to ownership since the record establishes that the dog was owned by Carmaleita Willis. See *Kensington Partners*, supra (summary judgment affirmed based on admissions in judicio and other evidence).

As for Joseph Willis keeping the dog, Cormier's

> argument misses the mark. It was the owner of the dog, [Carmaleita Willis], who was managing the dog at the critical time. The dog was solely under [her] supervision when it bit [Cormier]. [Joseph Willis] was not even home[, but was out of state for vacation,] on the day in question. It cannot be said, therefore, that [he] was the dog's keeper at that time. [Cits.]

*Goodman v. Kahn*, 182 Ga. App. 724, 725 (356 SE2d 757) (1987).

Cormier's reliance on *Johnston v. Warendh*, 252 Ga. App. 674, 679 (5) (556 SE2d 867) (2001), to further argue that there is a triable issue as to whether Carmaleita Willis was acting as her father's agent at the time of the incident is misplaced. Not only did *Johnston*, unlike this case, involve a local ordinance that was properly proved, but the triable agency issue in that case was whether the absentee owner of a dog had an agent keeping his dog inside a house while he was gone. Since, as recounted above, Carmaleita Willis is the owner of the dog, she was not acting as her father's agent in keeping her own dog, and thus, *Johnston* is inapposite.

*Judgment affirmed. Phipps, P. J., and Andrews, J., concur.*

DECIDED JANUARY 26, 2012.

*Martin C. Puetz*, for appellant.

*Carlock, Copeland & Stair, Christopher A. Whitlock, Charles C. Mayers, David W. Wallace, Raymond J. Doumar*, for appellee.