**FOURTH DIVISION**
**DOYLE, P. J.,**
**MCFADDEN and BOGGS, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**March 3, 2014**

# In the Court of Appeals of Georgia

A13A2291. SWEENEY v. LOWE.

MCFADDEN, Judge.

David Sweeney[1] filed a complaint against Michelle Lowe, claiming that he incurred damages after being bitten by Lowe's dog. The trial court granted summary judgment to Lowe. Sweeney appeals, arguing that the trial court erred because genuine issues of material fact exist as to whether Lowe was in violation of a county ordinance or "leash law." However, Sweeney failed to properly plead and prove the ordinance, and therefore we must affirm the trial court's ruling.

It is well established that in order for a superior court or this court to consider city or county ordinances they must be alleged and proved, and "[t]he proper method

---

[1] We note that two different spellings of the appellant's last name - "Sweeny" and "Sweeney" - appear in the record. Appellant uses the latter spelling in his appellate brief, so that is the spelling used in this opinion.

of proving a city [or county] ordinance is by production of the original or of a properly certified copy." *Thorsen v. Saber*, 288 Ga. 18, 19 (1) (701 SE2d 133) (2010) (citations and punctuation omitted). See also OCGA § 24-2-221 (judicial notice may be taken of a certified copy of county ordinance). In this case, Sweeney claims a violation of Fulton County Ordinance 34-205. However, the record does not contain the original or a properly certified copy of the ordinance upon which Sweeney relies. Thus, "[t]he trial court would have been in error if it had [considered] the terms of an ordinance not properly before the court." *Thorsen*, supra (citations omitted).

Sweeney attempts to circumvent this deficiency in the record by asserting in a footnote that he and Lowe "impliedly agreed" to permit citation to the county ordinance by referencing local ordinances in their summary judgment briefs. However, Lowe's summary judgment brief did not refer to any Fulton County ordinance, let alone the same county ordinance relied upon by Sweeney, and instead made reference only to a purported City of Atlanta ordinance. Thus, this is not a case in which the ordinance upon which the plaintiff relies was "set forth verbatim in the pleadings or an uncertified copy [was] attached to the complaint and the defendant admit[ted] the ordinance . . . in the answer." *Prime Home Props. v. Rockdale County Bd. of Health*, 290 Ga. App. 698, 700 (1) (660 SE2d 44) (2008) (citation and

2

punctuation omitted). Rather, this is a case in which the parties do not even agree upon which alleged local ordinance is relevant. "Because the record does not contain proper proof of the local ordinance [upon which Sweeney relies], we cannot consider it, and any argument based on its purported language provides no basis for reversing the trial court's order." *Cormier v. Willis*, 313 Ga. App. 699, 701 (1) (722 SE2d 416) (2012) (citation omitted). See also *Younger v. Dunagan*, 318 Ga. App. 554, 556 (733 SE2d 81) (2012) (ordinances could not be considered in evaluation of summary judgment where properly certified copies were not produced).

*Judgment affirmed. Doyle, P. J., and Boggs, J., concur.*