WILLIAMS, BIRNIE & Co. *vs.* THE OFFICERS OF COURT.

Where a number of justice court cases between the same parties were carried to the superior court by appeal, the clerk was entitled to costs in each case, although they were, by consent of counsel, consolidated and tried together.

Costs. Appeals. Practice in the Superior Court. Before Judge HILLYER. Clayton County. At Chambers. January 3, 1878.

Reported in the decision.

E. F. HOGE; P. L. MYNATT, for plaintiffs in error, cited as follows: No costs under pauper oath at common law, 3 Black. Com., 400; 2 Bac. Abr., 484; Schley's Dig., 93. Justice courts not under Code, §3686, (*Cobb's Dig.*, 507) but under §§4116, (*Cobb's Dig.*, 647), 3623. See §§3675, 3631. Consolidation, 13 *Ga.*, 201; 35 *Ibid.*, 82; 45 *Ibid.*, 96; Code, §3695.

JAMES T. SPENCE, for defendants, cited as follows: Plaintiffs liable, Code, §§3686, 3627, 3677. Amount of costs, Code §§3695, 267 par. 5, 6, §3627. Consolidation saves jury fees, Code, §4127.

WARNER, Chief Justice.

It appears from the record, that Williams, Birnie & Co., who were non-residents of the state, sued Devaughn in a justice court, in one hundred and thirty-six cases, and obtained judgment in each case. Devaughn entered an appeal therefrom to the superior court in "*forma pauperis.*" At the March term of the superior court, all of said appeal cases were, by consent, consolidated into one case, which was tried, and judgment rendered for the plaintiffs against the defendant for the sum of $13,528.90, principal, with interest and costs of suit, execution issued on said judgment against the defendant, and a return of *nulla bona* was made thereon by the sheriff. The clerk of the superior court then issued a cost *fi. fa.* against the plaintiffs for the sum of $340.50, claiming $2.50 for costs in each of the appeal cases as being due him as clerk. An affidavit of illegality was filed to the execution, which, by agreement, was submitted to the court for decision, and, after argument heard, the affidavit of illegality was overruled, and the execution ordered to proceed for the sum of $340.50, as costs due the clerk; whereupon Williams, Birnie & Co. excepted.

The plaintiffs, Williams, Birnie & Co., had a legal right to have sued the defendant in the superior court, and have included in one action all of the one hundred and thirty-six cases, or to sue thereon separately in the justice court and obtain separate verdicts and judgments in each case against the defendant, as they did do. The defendant had the legal right to enter an appeal in each case to the superior court in the manner prescribed by law, and it was the legal duty of the clerk of the superior court to enter said appeal cases on the docket of that court, to be tried as other appeal cases, which was done ; and it further appears that the clerk, under the direction of the court, entered on the court docket opposite each one of the one hundred and thirty-six cases, the words, "Verdict March term, 1875," of which entries it was the legal duty of the clerk to have entered a transcript

on the minutes of the court. Each one of these one hundred and thirty-six appeal cases entered upon the docket by the clerk, was prosecuted to verdict and judgment. It is true that by consent of the parties all of the cases were consolidated and tried together before the judge, but the clerk had nothing to do with that agreement. The clerk's legal fees for each appeal prosecuted to verdict is $2.50. Code, §3695. If there is any law that makes his fees any less when several appeal cases are consolidated and tried together by agreement of the parties, we are not aware of it. There was no error in overruling the affidavit of illegality and ordering the execution to proceed for the clerk's costs.

Let the judgment of the court below be affirmed.