## S07A0897. OCONEE COUNTY BOARD OF TAX ASSESSORS v. THOMAS.

(651 SE2d 45)

BENHAM, Justice.

This appeal is from the grant of a writ of mandamus to Sherri M. Thomas requiring the Oconee County Board of Tax Assessors (hereinafter, BOA) to submit to the Oconee County Board of Equalization (hereinafter, BOE) Thomas's appeal from an assessment imposed for an alleged breach of a conservation use covenant. Thomas and her then-husband obtained the conservation use covenant for land they jointly owned. When they divorced, Thomas was awarded ownership of the property and her then-husband quit-claimed his interest to her. The BOA sent Thomas two notices of its intent to assess a penalty for a breach of the conservation use covenant if she did not apply for continuation of the current use assessment. When she did not apply for continuation, the BOA assessed a penalty. Thomas sought to appeal that assessment to the BOE, and when her efforts to appeal were denied by the BOA, sought mandamus. The trial court ruled that Thomas was entitled to appeal the penalty assessment to the BOE.

1. At the heart of the BOA's opposition to Thomas's effort to appeal the assessment is the meaning of the word, "assessment." OCGA § 48-5-311 (e) (1) (A) permits taxpayers to "appeal from an assessment by the county board of tax assessors to the county board of equalization . . . as to matters of taxability, uniformity of assessment, and value, and, for residents, as to denials of homestead exemptions." The BOA contends the statute does not apply because the assessment it made was not an "assessment" within the meaning of the statute. That argument has two fatal flaws: a misidentification of what Thomas sought to appeal and a misunderstanding of the word "assessment." The event triggering Thomas's effort to begin an appellate process was not the BOA's determination of a breach of the conservation use covenant, but its assessment against her of a penalty for the alleged breach. Thus, on its face, OCGA § 48-5-311 (e) (1) (A) would appear to authorize the appeal Thomas has been seeking.

The BOA, however, argues its assessment of a penalty for an alleged breach of the conservation use covenant was not an assessment within the meaning of OCGA § 48-5-311 (e) (1) (A) because the meaning of the word "assessment," as used in the Code, is limited to a determination of value. While determination of value is an element of assessment, it is not the whole meaning. The BOA cites to Black's Law Dictionary, contending it defines "assessment" as "a valuation or determination as to value of property." Valuation is one of the meanings given to the word "assessment" in Black's, but a tertiary choice. The dictionary first defines the word as the "[i]mposition of something, such as a tax or fine, according to an established rate; the tax or fine so imposed" and then lists as the second usage, "[d]etermination of the rate or amount of something, such as a tax or damages. . . ." Black's Law Dictionary (8th ed. 2004). As a definitional matter, therefore, assessment is much more than valuation. Its primary sense, imposition of a tax or fine, accurately describes the action of the BOA which Thomas seeks to appeal and which OCGA § 48-5-311 permits to be appealed to the BOE.

The BOA cites to OCGA §§ 48-5-7, 48-5-306, and 48-5-341 as support for its effort to limit the meaning of "assessment" to "valuation," but those Code sections are not effective support in that none of them define the word, and not all of them use it in the exclusive manner BOA urges. In fact, OCGA § 48-5-306 (a) refers to the BOA's duty, in the event it deems it necessary to change a taxpayer's return, to "make a note of such assessment and valuation," which suggests the two are not synonymous as the BOA contends.

Moving beyond definitions, the BOA also contends its assessment of a penalty is not appealable to the BOE because the BOE is given jurisdiction to appeal only one aspect of conservation use covenants, the denial of an application for such use. See OCGA § 48-5-7.4 (j) (1). However, the cited subsection does not purport to cover the entire subject of appeals in conservation use matters since the subsection is concerned only with application. Appeals in matters other than applications for conservation use covenants are covered elsewhere, including the provision in OCGA § 48-5-311 for appeal from assessments. The BOA's reliance on Department of Revenue Regulation 560-11-6-.04 is likewise unavailing since that regulation speaks in subsections (7) and (8) of the assessment of a penalty for breaching a conservation use covenant.

We conclude from our review of the cited authorities, statutes, and regulation that the assessment of a penalty for a breach of a conservation use covenant is an "assessment" within the meaning of that word in the grant of a right to appeal in OCGA § 48-5-311. The trial court was, therefore, correct in holding that the assessment issued by the BOA was appealable to the BOE.

The special concurrence filed in this case contains an alternate rationale, one not directly addressed by the parties in the trial court or on appeal, for concluding Thomas is entitled to an appeal, focusing on the underlying determination of breach rather than on the assessment of a penalty. However, that focus, and the statement in the concurrence that a distinction between the assessment and the determination of breach is not "warranted or necessary," reflects the same confusion apparent in the trial record between the ruling from which the appeal was taken and the ground for the appeal. As noted at the beginning of this opinion, the procedural course of this matter was that the BOA determined that a breach of the covenant had occurred, then sent Thomas two notices of its intent to assess a penalty, then assessed a penalty. Thus, there was no formal declaration of breach from which an appeal could be taken. The petition Thomas filed correctly identified the assessment as the trigger for her appeal, but referred to a request to appeal the "alleged breach of the Covenant and resulting penalty," and later in the petition referred to "resolution of the alleged breach of the Conservation Use Covenant and the resulting penalty assessment," and in the prayer for relief, asked for "an appeal . . . on the issues of an alleged breach of the Conservation Use Covenant resulting in the assessment of a penalty. . . ." The trial court similarly referred to Thomas's effort to "appeal the . . . declaration of breach. . . ." Yet, in its analysis, the trial court dealt with the right to appeal assessments and concluded that because the case involved "issues of taxability and uniformity of assessments," Thomas was entitled to an appeal to the Board of Equalization. It is thus apparent that Thomas wishes to appeal from an assessment and the ground for that appeal is that the determination of breach which underlies the assessment was wrong. To analogize to criminal law, one does not appeal from an indictment, but from a judgment of conviction. Thus, contrary to the statement in the special concurrence, the distinction between appealing the assessment and appealing the determination of breach was warranted and necessary.

2. The BOA asserts three other reasons the trial court should not have granted Thomas the relief she sought. First, it contends that if there is a right to appeal under OCGA § 48-5-311, Thomas's appeal will not lie because it was not filed within the 45-day period provided in OCGA § 48-5-311 (e) (2) (A). However, as the trial court noted, the assessment sent to Thomas did not contain any information about appeal rights as is required by OCGA § 48-5-306 (b) (2) in notices concerning changes in assessment. The BOA's counter-argument, that no such information is required in a notice of its declaration of a breach of a conservation use covenant (see Department of Revenue Reg. 560-11-6-.04 (7)), fails for the same reason its efforts to limit the

right of appeal fails: this is not an appeal from a declaration of breach, but from an assessment imposing an additional tax in the form of a penalty. We agree with the trial court that the BOA cannot ignore the requirements for giving information on the appeal process of its assessment and then seek to bar an appeal for not complying with the procedures.

Second, the BOA's argument that Thomas is not entitled to relief without having exhausted her statutory administrative remedies is unavailing in light of the fact she filed a petition for a writ of mandamus to force the BOA to permit her to follow the statutory administrative appeal process.

Finally, the BOA contends the trial court erred in granting a writ of mandamus because Thomas has not shown a clear legal right to the relief sought. In the initial division of this opinion, we established that Thomas had a clear legal right to an appeal to the BOE, which was the relief sought and granted.

*Judgment affirmed. All the Justices concur, except Carley, Hines and Melton, JJ., who concur specially.*

MELTON, Justice, concurring specially.

Sherri M. Thomas wishes to appeal to the Oconee County Board of Equalization a decision by the Oconee County Board of Tax Assessors that she had breached a conservation use covenant, thereby triggering the assessment of a mandatory tax penalty on her real property.[1] The Board of Tax Assessors, however, has refused to forward the necessary papers to the Board of Equalization to initiate an appeal, contending that no such appeal right exists in this circumstance. This contention is erroneous.

OCGA § 48-5-311 (e) (1) (A) provides, in relevant part: "Any resident or nonresident taxpayer may appeal from an assessment by the county board of tax assessors to the county board of equalization . . . as to matters of taxability, uniformity of assessment, and value, and, for residents, as to denials of homestead exemptions." In addition, the denial of an application for special valuation resulting from the voluntary imposition of a conservation use covenant may be appealed to the Board of Equalization. OCGA § 48-5-7.4 (j) (1). See also Department of Revenue Reg. 560-11-6-.08 (1). Furthermore, in

---

[1] OCGA § 48-5-7.4 (l) states:

A penalty shall be imposed under this subsection if during the period of the covenant entered into by a taxpayer the covenant is breached. The penalty shall be applicable to the entire tract which is the subject of the covenant and shall be twice the difference between the total amount of tax paid pursuant to current use assessment under this Code section and the total amount of taxes which would otherwise have been due under this chapter for each completed or partially completed year of the covenant period.

accordance with Department of Revenue Reg. 560-11-6-.08 (4), a taxpayer may appeal the Board of Tax Assessors'

> initial determination or subsequent change of the qualifying use of the property, the soil classification of any part or all of the qualified property [subject to a covenant], the valuation of any qualified improvements, the assessment ratio utilized with regard to the qualified property; as well as with regard to any alleged errors that may have been made by the assessors in the application of the tables and standards of value prescribed by the Commissioner.

Based on these provisions, a determination by the Board of Tax Assessors that a conservation use covenant has been breached due to a perceived change in the use of the underlying property constitutes a matter that may be appealed to the Board of Equalization.[2] Under OCGA § 48-5-311, the Board of Tax Assessors' declaration of breach and assessment of a mandatory penalty raises the issue of the extent of the taxability of the property as non-qualifying property, triggering an appeal from an assessment. In addition, under OCGA § 48-5-7.4 (j) (1), a taxpayer may appeal the denial of an application to receive special valuation to the Board of Equalization, and, as the imposition of a breach is, in and of itself, a decision finding that the property in question cannot receive special valuation, this statutory provision also supports a finding that the determination of breach and the assessment of a penalty may be appealed to the Board of Equalization. Finally, according to Department of Revenue Reg. 560-11-6-.08 (4), a taxpayer may appeal most changes imposed by the Board of Tax Assessors upon property subject to a conservation use covenant, including "the qualifying use of the property." If the Board of Tax Assessors' decision to change the qualifying use of a given piece of property is an appealable decision, it stands to reason that the decision to change a qualifying use to a non-qualifying use would also be appealable. That is exactly the change imposed by a declaration of breach. Therefore, I believe that both Georgia statutory authority and Department of Revenue regulations support a finding that a

---

[2] Department of Revenue Reg. 560-11-6-.04 (8) provides:
In the event that the new owner fails to apply during the period provided . . . , such failure may be taken by the board of tax assessors as further evidence the covenant has been breached due to the owner's lack of qualification or intent not to continuously devote the property to an applicable bona fide qualifying use and the board of tax assessors shall be authorized to declare the covenant in breach and assess a penalty.

determination by the Board of Tax Assessors that a conservation use covenant has been breached may be appealed to the Board of Equalization.

Although the majority opinion reaches the same conclusion, it states: "this is not an appeal from a declaration of breach, but from an assessment imposing an additional tax in the form of a penalty." I do not believe that this distinction is warranted or necessary. Thomas is not merely appealing the amount of the penalty in question.[3] To the contrary, she is appealing the ability of the Board of Tax Assessors to impose any penalty at all under her circumstances. To make this challenge, she must necessarily appeal the declaration that her conservation use covenant had been breached, as "a penalty shall be imposed" if such a breach occurs. OCGA § 48-5-7.4 (l). Put simply, Thomas' appeal is from both the declaration of breach *and* the concomitant assessment of the mandatory penalty. As discussed above, this appeal may be made to the Board of Equalization.

This result is not altered by the Board of Tax Assessors' contention that Thomas' only remedy is to seek a refund for "taxes or fees which are . . . erroneously or illegally assessed and collected." OCGA § 48-2-35 (a). In this case, Thomas' challenge is not merely about the imposition of a tax or fee, but it is, instead, about an alteration of the taxability of her property and the assessment of a related penalty based on a breach of her conservation use covenant. As such, the remedy most appropriate to this matter is the appeals process set forth in OCGA § 48-5-311, not the refund process of OCGA § 48-2-35.

For all of these reasons, I specially concur in the opinion of the majority. I am authorized to state that Justice Carley and Justice Hines join in this special concurrence.

DECIDED SEPTEMBER 24, 2007.

*Hall, Booth, Smith & Slover, Michael C. Pruett*, for appellant.
*Robert J. Huff*, for appellee.

---

[3] If Thomas conceded that a breach had, in fact, occurred, she might attempt to appeal only the assessment of the penalty if she believed that it had been improperly calculated.