296 Ga. 641
FINAL COPY

S14A1882.  WHITFIELD v. CITY OF ATLANTA et al.

HUNSTEIN, Justice.

James Whitfield filed suit against the City of Atlanta and Secure Parking Enforcement, LLC ("SPE") after his car was booted in Northeast Atlanta while illegally parked in a lot reserved for customers of a dry cleaning business.  In his complaint, Whitfield sought a declaration that the City ordinance authorizing and regulating vehicle immobilization is unconstitutional and that the practice of booting is thus unlawful.  In the alternative, Whitfield contended that the signage in the parking lot where SPE had booted his car failed to comply with certain specifications prescribed in the vehicle immobilization ordinance, thus entitling him to recover as damages the cost of removing the immobilization device.

Both defendants answered the complaint, and the City moved to dismiss for failure to state a claim.  Thereafter, the trial court granted the City's motion to dismiss and ordered SPE, whose answer had been filed by its owner, a non-lawyer, to obtain counsel to enter an appearance by a date certain.  When SPE

failed to do so, the trial court struck SPE's answer and, following a hearing, entered a default judgment against SPE for the $75 cost of removing the boot, plus court costs. In its final order, the trial court expressly rejected Whitfield's contention that the ordinance is unconstitutional.

Despite having prevailed on his damages claim, Whitfield now appeals, contending that the trial court erred in dismissing the City from the suit and in determining that the vehicle immobilization ordinance is constitutional. We now hold that the trial court erred in considering the merits of Whitfield's constitutional challenge, because Whitfield did not properly present the ordinance, nor was the ordinance otherwise made part of the record in this case. We thus vacate that portion of the judgment below; in all other respects, we affirm.

City and county ordinances must be alleged and proven in order to be considered by the superior and appellate courts of this State. Davis & Shulman's Georgia Practice & Procedure, § 7:9 (2014-2015 ed.). The proper method of proving a city ordinance is production of the original ordinance or a certified copy thereof. Thorsen v. Saber, 288 Ga. 18 (1) (701 SE2d 133) (2010); see also OCGA § 24-2-221 (judicial notice may be taken of certified copy of

ordinance); Leger v. Ken Edwards Enterprises, Inc., 223 Ga. 536 (2) (156 SE2d 651) (1967) (uncertified copy of ordinance attached to unverified pleadings held insufficient to prove existence of ordinance). Neither the superior courts nor the appellate courts can adjudicate a claim or defense based on a city ordinance unless the ordinance has been properly presented. See, e.g., Thorsen, 288 Ga. at 18-19 (declining to consider enumeration of error based on ordinance not appearing in the record); Strykr v. Long County Bd. of Commrs., 277 Ga. 624 (6) (593 SE2d 348) (2004) (declining to address appellant's constitutional challenge to portions of county ordinance that were not pled and proven); Leger, 223 Ga. at 539 (trial court properly declined to issue injunction based on alleged violation of ordinance that was not introduced in evidence).

Here, the City of Atlanta's vehicle immobilization ordinance appears nowhere in the record. Not only is there no certified copy of the ordinance, there is no copy at all. All that appears in the pleadings regarding the existence and substance of the ordinance are general references thereto and what purports to be a quote, in Whitfield's unverified complaint, from a single section of the ordinance regarding signage requirements, which does not itself authorize vehicle immobilization. Without proper presentation of the ordinance, it is

3

impossible to adjudicate the constitutionality thereof, and the superior court thus erred in purporting to do so.  See Strykr, 277 Ga. at 626; see also Thorsen, 288 Ga. at 18-19; Leger, 223 Ga. at 539.

Though we are compelled to vacate the judgment below as it relates to the constitutionality of the vehicle immobilization ordinance, we need not disturb the court's decision dismissing the City from the suit.  As acknowledged in Whitfield's complaint, the City had an interest in this proceeding only to the extent that the constitutionality of its vehicle immobilization ordinance was at issue.  See OCGA § 9-4-7 (b) (municipality "shall be made a party" in any proceeding seeking a declaration as to the validity of its ordinances).  Because Whitfield's constitutional challenge is not viable due to his failure to properly allege the ordinance, the City has no stake in the litigation.  Thus, pretermitting whether the trial court properly dismissed the complaint against the City for failure to state a claim, we affirm the City's dismissal from the suit under the right for any reason rule.  See Police Benevolent Assn. v. Brown, 268 Ga. 26 (2) (486 SE2d 28) (1997) (judgment that is right for any reason will be affirmed).

Judgment affirmed in part and vacated in part.  All the Justices concur.

4

Decided February 2, 2015 – Reconsideration denied March 2, 2015.

Ordinance. Fulton Superior Court. Before Judge Dempsey.

James Whitfield, pro se.

Cathy Hampton, Laura S. Burton, Veronica L. Hoffler, for appellees.