**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**RAY and RICKMAN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**October 23, 2018**

# In the Court of Appeals of Georgia

A18A1063. THE QUARTERS DECATUR, LLC v. THE CITY OF    McF-040
    DECATUR et al.

MCFADDEN, Presiding Judge.

Real estate developer The Quarters Decatur, LLC petitioned in superior court for a writ of mandamus to compel the City of Decatur and its planning director, Angela Threadgill, to take action on The Quarters's application for approval of a preliminary subdivision plat for a townhouse development. The superior court dismissed the petition for failure to state a claim pursuant to OCGA § 9-11-12 (b) (6) and The Quarters appeals. Because the petition's allegations, viewed in the light most favorable to The Quarters, do not disclose with certainty that no set of facts consistent with the allegations could be proved that would entitle The Quarters to mandamus relief, we reverse.

1. *Procedural history.*

The ruling on appeal is the superior court's grant of motions to dismiss The Quarters's mandamus petition for failure to state a claim upon which relief may be granted. See OCGA § 9-11-12 (b) (6). Such a motion

> should not be sustained unless (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof; and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought. If, within the framework of the complaint, evidence may be introduced which will sustain a grant of the relief sought by the claimant, the complaint is sufficient and a motion to dismiss should be denied. In deciding a motion to dismiss, all pleadings are to be construed most favorably to the party who filed them, and all doubts regarding such pleadings must be resolved in the filing party's favor.

*Anderson v. Flake*, 267 Ga. 498, 501 (2) (480 SE2d 10) (1997) (citations omitted).

The Quarters sought mandamus relief, which is "an extraordinary remedy to compel a public officer to perform a required duty when there is no other adequate legal remedy." *R. A. F. v. Robinson*, 286 Ga. 644, 646 (1) (690 SE2d 372) (2010) (citation omitted); see also OCGA § 9-6-20. To obtain such relief, a party must

establish "that (1) no other adequate legal remedy is available to effectuate the relief sought; and (2) the applicant has a clear legal right to such relief." *SJN Properties v. Fulton County Bd. of Assessors*, 296 Ga. 793, 800 (2) (b) (ii) (770 SE2d 832) (2015) (citation and punctuation omitted). So the dispositive question for the superior court was whether the allegations of the mandamus petition, construed most favorably to The Quarters, disclosed with certainty that The Quarters could not show that it had a right to relief and no other adequate legal remedy to obtain it.

In its petition for mandamus, The Quarters alleged that on April 7, 2017, it submitted for approval a preliminary plat of a townhome development, along with all required forms and plans. The City's Unified Development Ordinance ("the ordinance")[1] in effect at that time set out a procedure and a timeline. It provided,

> [w]ithin 30 days after the submission [to the City's Zoning Administrator] of the preliminary plat and other materials submitted for conformity thereof to this [ordinance] and negotiations with the [developer] on changes deemed advisable and the kind and extent of improvements to be made by him, the Planning Commission shall hold a public hearing on the application and shall express its

---

[1] The Quarters attached to and incorporated by reference into its petition, as amended, a certified copy of the ordinance. See *Behdadnia v. E. E. Beavers Family Partnership*, 345 Ga. App. 711 (815 SE2d 103) (2018) (on motion to dismiss, trial court may consider exhibits attached to and incorporated into complaint).

3

recommendations regarding approval as conditional approval and state the conditions of such approval, if any, or if disapproval, shall express its disapproval and its reasons therefor.

It further provided that, within six months after receiving conditional approval of the preliminary plat, the developer could submit for approval a final plat that conformed substantially to the preliminary plat. Then, "[w]ithin 30 days after submission of the final plat and supplementary material required for approval, the Planning Commission shall express its recommendation," and "[n]ot later than 3 days after a recommendation by the Planning Commission, the final plat and other supplementary material will be transmitted by the Zoning Administrator on behalf of the Planning Commission to the City Commission for final action." In some circumstances the ordinance authorized an alternative to the ususal procedure — a recommendation by the Planning Commission and then final action by the City Commission. In those specified circumstances, the Zoning Administrator was authorized, in name of the Planning Commission and City Commission, to issue a final approval on her own authority. In either case, the ordinance required some action on the part of the Zoning Administrator that would lead to a final action on the plat by the City.

4

The mandamus petition alleged that no action was taken on The Quarters's plat. It alleged that the City and Threadgill refused to submit the preliminary plat to the Planning Commission for a public hearing or recommendations. Over the next month and a half, a representative of The Quarters attempted several times to reach Threadgill to ask about the status of its submission, but Threadgill did not return that person's calls. On May 23, The Quarters's representative spoke with Threadgill, who refused to comment on the submission at that time. After The Quarters's attorney wrote Threadgill asking for comments, on June 8 the City's attorney sent The Quarters a document titled "Plat Review Comments - Zoning" containing Threadgill's comments. Among other things, Threadgill required The Quarters to make some changes not required by the ordinance.

On June 16, 2017, The Quarters submitted a revised preliminary plat that addressed most of Threadgill's comments but did not make the changes not required by the ordinance. In a June 16 letter, The Quarters's attorney set forth its objections to the latter items. Two days later, the City revised the ordinance to require those changes. Over the next month, The Quarters's representative left several messages for Threadgill asking about the status of its submission, to which Threadgill did not respond.

On July 21, 2017, The Quarters filed its petition for mandamus, in which it asserted that it was entitled to have its preliminary plat reviewed under the version of the ordinance in effect when it submitted the preliminary plat, to have the preliminary plat approved, or, at a minimum, to have a public hearing on the preliminary plat before the Planning Commission and a decision from the City Commission. The City and Threadgill moved to dismiss the petition under OCGA § 9-11-12 (b) (6), arguing that The Quarters had no clear right to the relief sought, that it had not exhausted its available remedies, and that it had no vested right in the application of the version of the ordinance in effect at the time it submitted the preliminary plat. The City separately moved to dismiss the petition under OCGA § 9-11-12 (b) (6), arguing that the relief sought by The Quarters can only be performed by individual officials, not the City. Agreeing with all of these arguments, the superior court granted both motions. We review that ruling de novo. *Blalock v. Cartwright*, 300 Ga. 884, 885 (I) (799 SE2d 225) (2017).

2. *Clear right to relief.*

The City and Threadgill argue that the superior court was correct in dismissing the mandamus petition because the petition "failed to demonstrate a clear legal right to mandamus relief." But the petition alleged that The Quarters submitted a

6

preliminary plat that complied with requirements of the ordinance but did not receive the type of consideration prescribed by the ordinance, and the City and Threadgill have not established that The Quarters could not possibly introduce evidence within the framework of the petition to demonstrate the necessary right to relief.

A clear right to relief exists where an official or agency fails entirely to act or commits a gross abuse of discretion in performing a public duty that the official or agency is required by law to perform. *SJN Properties*, 296 Ga. at 800 (2) (b) (ii). Mandamus is the proper remedy when a governmental board fails to conduct a hearing as required by law. *Acree v. Walls*, 240 Ga. 778, 784 (1) (243 SE2d 489) (1978). Moreover, "[w]hen the law requires an official to exercise discretion, mandamus will lie to compel that discretion be exercised, [although it will not] dictate the result." *Ga. Assoc. of Professional Process Servers v. Jackson*, 302 Ga. 309, 313 (2) (806 SE2d 550) (2017). The petition alleged that The Quarters submitted a preliminary plat that complied with requirements of the ordinance. This submission triggered an obligation of the City and Threadgill to consider and act on the submission. The City's Planning Commission was required to hold a public hearing and issue a recommendation on the preliminary plat within a particular time frame, which Threadgill, as the City's Zoning Administrator, was required to then forward

7

to the City Commission for final action. Alternatively, Threadgill could herself approve the plat. The petition alleged that neither course of action occurred. In other words, it alleged the inaction of a public agency or official charged with acting in a particular manner. Mandamus is a remedy for such inaction. See *Hilton Constr. Co. v. Rockdale County Bd. of Ed.*, 245 Ga. 533, 540 (4) (266 SE2d 157) (1980). Consequently, the mandamus petition and attached ordinance did not "disclose with certainty that [The Quarters] would not be entitled to relief under any state of provable facts." *Ewing v. City of Atlanta*, 281 Ga. 652, 654 (2) (642 SE2d 100) (2007). See *Clairmont Dev. Co. v. Morgan*, 222 Ga. 255, 258-259 (2) (149 SE2d 489) (1966) (where mandamus petition alleged that applicant for certificate of zoning compliance had complied with zoning requirements for its issuance but zoning officials had failed to issue certificate, it was error for lower court to dismiss petition).

We are not persuaded by the appellees' various arguments to the contrary, because those arguments do not satisfy their burden, as movants, of demonstrating that The Quarters "could not possibly introduce evidence within the framework of the [petition] sufficient to warrant a grant of the relief sought." *Anderson*, 267 Ga. at 501 (2) (citation omitted). The City and Threadgill argue that the way in which The Quarters described the relief sought in its petition was too ambiguous and unclear to

8

state a claim for relief, but as stated above, all doubts regarding the petition must be resolved in The Quarters's favor. See *Anderson*, 269 Ga. at 501 (2). They argue that the ordinance did not impose a 30-day requirement for the Planning Commission to review and make a recommendation regarding a preliminary plat, but the plain language of the ordinance set forth a 30-day time frame for action by the Planning Commission, and the petition alleged that events that would trigger this 30-day period had occurred — namely, that The Quarters had submitted a preliminary plat for consideration in compliance with the requirements of the ordinance. Characterizing the alleged inaction as a "delay," the City and Threadgill argue that such delay was not sufficiently long to justify imposition of the extraordinary remedy of mandamus, but this argument goes to merits of the claim rather than the propriety of dismissal under OCGA § 9-11-12 (b) (6). Finally, the City and Threadgill argue that The Quarters's preliminary plat was incomplete, but the petition alleged that the preliminary plat met all the requirements of the ordinance in effect at the time of its submission.

   3. *Lack of other adequate legal remedy*.

The City and Threadgill argue that the superior court correctly dismissed the petition because The Quarters had other legal remedies that it did not exhaust. We disagree.

The City and Threadgill assert that The Quarters did not exhaust its administrative remedies, arguing that it could have appealed its objections to Threadgill's comments regarding the preliminary plat to the Zoning Board of Appeals and, from there, to the superior court. It is true that the ordinance provided a mechanism for any person aggrieved by a "*final written decision* of the [ordinance] Administrator or Zoning Administrator" to appeal that decision to the Zoning Board of Appeals (emphasis supplied), but it is not clear that any such "final written decision" was made. The City and Threadgill argue that the "Plat Review Comments - Zoning" document sent by the City's attorney to The Quarters was a "final written decision" appealable to the Zoning Board of Appeals under the ordinance. But the language of that document, which was attached to the mandamus petition, did not indicate that it was a final decision on the preliminary plat; it stated that the preliminary plat would be subject to "further review" after Threadgill's comments were addressed. See *Mtg. Alliance Corp. v. Pickens County*, 294 Ga. 212, 216-217 (2) (751 SE2d 51) (2013) (letter stating county's position on proposed development

10

was not "final decision" triggering period for appeal of zoning decision, even though it strongly indicated how county would ultimately rule on proposal).

The City and Threadgill also argue that, before petitioning for mandamus, The Quarters should have pursued the alternative remedy, set forth in the ordinance, of having Threadgill, as Zoning Administrator, herself approve the preliminary plat. But the mandamus petition alleges that Threadgill rebuffed The Quarters's efforts to obtain action of some kind on the plats it submitted, and evidence could be introduced within the framework of the petition to show that The Quarters was denied this alternative remedy. The "argument that [The Quarters] is not entitled to relief without having exhausted [its] administrative remedies [under the ordinance] is unavailing in light of the fact that [The Quarters] filed a petition for a writ of mandamus to force [the City and Threadgill] to permit [it] to follow the [process established in the ordinance]." *Oconee Bd. of Tax Assessors v. Thomas*, 282 Ga. 422, 425 (2) (651 SE2d 45) (2007).

4. *Claim involving "vested rights."*

In addition to dismissing all of the claims in the mandamus petition for the reasons addressed in Divisions 2 and 3, supra, the superior court also dismissed one of the counts in the petition on the ground that The Quarters did not have "vested

11

rights" in the application of an earlier ordinance to the preliminary plat. The Quarters argues that the superior court erred in concluding that it lacked "vested rights." At this stage in the proceedings, however, we cannot analyze the merits of the "vested rights" claim. We can only consider whether the City and Threadgill established that The Quarters "could not possibly introduce evidence within the framework of the [petition] sufficient to warrant a grant of the relief sought." *Anderson*, 267 Ga. at 501 (2) (citation omitted).

The relief sought in the count of the petition at issue was a writ of mandamus ordering the City and Threadgill to review the preliminary plat under the ordinance in effect when The Quarters filed it. The Quarters alleged in the petition that it "was and remains entitled to have its preliminary plat reviewed under the code in effect when it was filed." Discussing the rules that have evolved regarding a party's "vested rights" in an earlier zoning ordinance, our Supreme Court framed the question as follows: "[W]hen does the power of a governing authority to rezone property cease to exist, so that the governing authority can no longer amend its zoning ordinance so as to affect a landowner's property?" *WMM Properties v. Cobb County*, 255 Ga. 436, 438 (1) (339 SE2d 252) (1986). See also *Fulton County v. Action Outdoor Advertising, JV, LLC*, 389 Ga. 347, 351-352 (2) (b) (711 SE2d 682) (2011) (vested

12

rights not limited to landowners). The Supreme Court described various circumstances in which the authority to rezone property could be limited: once a building permit has been issued; once a party has a right to be issued a building permit; once a seller of land to be sold conditioned upon rezoning obtains a zoning amendment; once a party has expended money in furtherance of a development in reliance upon a formally- or informally-approved development plan; and once a party substantially changed its position by expenditures in reliance upon the probability of the issuance of a building permit based upon the current zoning law and the assurances of zoning officials. *WMM Properties*, supra at 437-439 (1) (a)-(d).

"At this time, it cannot be said that the allegations of the [mandamus petition] disclose with certainty that [The Quarters] would not be entitled to relief under *any* state of provable facts asserted in support" of its claim that it was entitled to have its plat considered under the former ordinance. *Austin v. Clark*, 294 Ga. 773, 775 (755 SE2d 796) (2014) (emphasis in original). For example, there conceivably could be evidence of expenditures made by The Quarters or assurances received by The Quarters that could support a conclusion, under the rules and authority described in *WMM Properties*, supra, and its progeny, that the City can no longer amend its zoning ordinance to affect The Quarters's property interest.

13

> At this stage in the litigation, it does not matter that the existence of such [expenditures or assurances] is unlikely. For the same reason, contrary to the [arguments of the City and Threadgill], it does not matter that [The Quarters] has pointed to no specific [facts in that regard]. This is factual evidence which may or may not be developed during discovery and can be considered on a subsequent motion for summary judgment.

*Austin*, supra at 775. The superior court improperly granted the motion to dismiss on this ground.

5. *Claim against the City.*

The Quarters argues that the superior court erred in dismissing its petition against the City on the ground that the City was not a proper respondent. Where a petition for mandamus seeks the performance of a legal obligation of a governmental entity, it is proper for the petition to allege a cause of action against both the governmental entity and the official required by law to perform the specific act. *City of Hoschton v. Horizon Communities*, 287 Ga. 567, 568 (1) (697 SE2d 824) (2010). We are not persuaded by the City's argument that the relief sought in the petition does not encompass any legal obligations of the City. See *City of Lawrenceville v. Humphries*, 229 Ga. 724, 726 (1) (194 SE2d 84) (1972) (city was proper party

defendant in action by developer seeking writ of mandamus compelling issuance of permit pursuant to city's zoning ordinance).

*Judgment reversed. Ray and Rickman, JJ., concur.*