**SECOND DIVISION**
**MILLER, P. J.,**
**MERCIER and HODGES, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**June 13, 2023**

# In the Court of Appeals of Georgia

A23A0463. ALLEN v. SHEPHERD, et al.

HODGES, Judge.

Jeffrey D. Allen appeals from the Superior Court of Gwinnett County's grant of a motion to dismiss his verified petition for mandamus. In this petition, he sought to compel Clerk of Norcross Municipal Court Maurice Shepherd and Norcross City Manager Eric Johnson (collectively "the Clerk") to properly process his notice of direct appeal from a municipal court judgment, and to transmit it and the record to the superior court.[1] For the reasons that follow, we reverse the dismissal.

> In reviewing the grant of a motion to dismiss [a petition for mandamus], an appellate court must construe the pleadings in the light most

---

[1] Allen sued Shepherd and Johnson in both their individual and official capacities, and also named three John Does, all of whom are appellees herein and all of whom are included within this opinion's designation of "the Clerk."

favorable to the appellant with all doubts resolved in the appellant's favor. A motion to dismiss should only be granted if the allegations of the [petition], construed most favorably to the plaintiff, disclose with certainty that the plaintiff would not be entitled to relief under any state of provable facts. Mandamus is an extraordinary remedy to compel a public officer to perform a required duty when there is no other adequate legal remedy. It is a discretionary remedy that courts may grant only when the petitioner has a clear legal right to the relief sought or the public official has committed a gross abuse of discretion.

(Citations and punctuation omitted.) *R. A. F. v. Robinson*, 286 Ga. 644, 645-646 (1) (690 SE2d 372) (2010).

On November 14, 2021, the City of Norcross issued a "Notice of School Speed Violation" pursuant to OCGA § 40-14-18 against Allen, asserting that at 2:37 p.m. on November 11, 2021, he was driving 54 miles per hour in a 35 miles-per-hour school speed zone. The citation indicated that Allen needed to pay $75 or contest the violation by a specified date. Allen timely contested the violation. At a 2022 hearing before the City of Norcross Municipal Court, Allen avers in his verified mandamus petition that he "presented evidence, which included sworn testimony and physical exhibits to contest the merits" of the citation. No transcript of the proceedings exists. The municipal court issued a judgment finding that Allen had been issued "a civil

citation for an alleged school speed zone violation pursuant to OCGA § 40-14-18[,]" that it had "heard and considered both the evidence and the arguments[,]" and entered "judgment . . . in favor of the City of Norcross against Defendant in the amount of $75.00[.]" OCGA § 40-14-18 allows enforcement of school zone speed limits during specified times through photographically recorded images and permits imposition of civil penalties. Id. at (a) (1), (b) (1). These are "deemed noncriminal" and penalties imposed "shall not be deemed a conviction[.]" Id. at (c).

In February 2022, Allen filed a "Notice of Direct Appeal to the Superior Court of Gwinnett County" with the Norcross Municipal Court and "directed" the Clerk to "transmit this Notice as well as the entire record" to the superior court. After no action was taken by the Clerk, Allen apparently made inquiries, and eventually, in April 2022, received an e-mail from an attorney for the City of Norcross informing him that because he had been issued a "civil monetary penalty for violation of a local

ordinance" and "not a criminal conviction," his direct appeal was improper.[2] The e-mail stated:

> The right of certiorari from the decision and judgment of the municipal court shall exist in all criminal cases and ordinance violation cases, and such certiorari shall be obtained under the sanction of the judge of the Superior Court of Gwinnett County under the laws of the State of Georgia regulating the granting and issuance of writs of certiorari." Norcross City Charter Section 4.14 (b). Therefore, Citation No.

---

[2] In essence, Allen argued that he had the right to file a notice of direct appeal because he was "convicted of a traffic offense" under Title 40 of the Official Code of Georgia. He points to OCGA § 40-13-28, which provides that "[a]ny defendant convicted under this article shall have the right of appeal to the superior court." Allen also points to the Norcross City Charter or the Norcross Code, arguing that these local ordinances permit direct appeals. The appellate record contains no copy, certified or uncertified, of either. See *Whitfield v. City of Atlanta*, 296 Ga. 641 (769 SE2d 76) (2015) ("City and county ordinances must be alleged and proven in order to be considered by the superior and appellate courts of this State. The proper method of proving a city ordinance is production of the original ordinance or a certified copy thereof.") (citations omitted). The Clerk countered that Allen received a civil judgment and penalty, and that OCGA § 40-13-28 is therefore inapplicable. The Clerk points to *Walton County v. Scenic Hills Estates, Inc.*, 261 Ga. 94 (401 SE2d 513) (1991), which provides that "[w]hen a direct appeal to a superior court is authorized, the General Assembly uses express language[,]" and argues that no statute permits a direct appeal from Allen's civil judgment and penalty pursuant to OCGA § 40-14-18 and the local ordinance. Rather, the Clerk points to OCGA § 5-4-3 and *Flacker v. Berr-Nash Corp.*, 157 Ga. App. 638 (1) (278 SE2d 180) (1981) which provide for petitions for writs of certiorari from inferior judicatories. See also OCGA § 5-4-1.

4

2122500413407161 is not subject to a direct appeal of a traffic violation. The proper method for appeal of this citation would have been an application for appeal by certiorari for violating a local ordinance resulting in a civil penalty as provided in OCGA 5-6-35, Norcross Code Sections 34-30 and 34-35 and the Norcross City Charter Section 4.14 (b).

Allen later retained counsel, and in May 2022, counsel for the City of Norcross wrote a letter to Allen's lawyer reiterating that Allen's purported direct appeal was "a nullity" and that he should have petitioned for certiorari with the superior court pursuant to OCGA § 5-4-3 et seq. but that the deadline for doing so had passed. The letter indicated that the City would not "participate" in Allen's request that it send the notice of appeal and record to the superior court.

The municipal court Clerk took no action on Allen's notice of appeal, and Allen filed a "Verified Petition for Mandamus and Complaint for Damages," seeking to compel the Clerk to "carry out [his] ministerial duties and properly process his Notice of Direct Appeal" including by sending it, and the record, to the superior court. Allen also sought attorney fees under OCGA § 13-6-11. The Clerk filed a verified answer, and a motion to dismiss. The superior court's order dismissed Allen's petition for mandamus, finding that Allen had incurred civil liability pursuant to

5

Norcross City Ordinance § 34.35 and OCGA § 40-14-18, that "there is no procedural mechanism for a direct appeal" of the civil judgment, and that Allen should have petitioned for certiorari, which was an adequate remedy at law. The order did not address the Clerk's legal duties. Allen appeals.

1. Allen argues that the trial court erred in dismissing his mandamus petition. He contends that the municipal court Clerk had a duty to process the appeal in accordance with the law, and that the Clerk lacked the authority to decide the procedural or jurisdictional propriety of his appeal, as that task belongs to the superior court upon receipt of the notice of appeal. We agree.

OCGA § 15-6-8 (4) (B) gives superior courts the authority to review and correct the judgments of municipal courts. Here, the superior court was acting as an appellate court, and the municipal court was acting as a trial court. "Georgia law vests appellate courts with the sole authority to determine if a decision or judgment is appealable." *Jones v. Peach Trader Inc.*, 302 Ga. 504 (807 SE2d 840) (2017); accord *Rollins v. Rollins*, 300 Ga. 485, 488 (1) (796 SE2d 721) (2017) ("An appellate court is the sole authority in determining whether a filed notice of appeal or discretionary application is sufficient to invoke its jurisdiction.") (punctuation omitted); see also *Adams v. Neykov*, 356 Ga. App. 884, 885 (1) (849 SE2d 712) (2020) (upholding grant

6

of mandamus where "clerk [of municipal court] had no authority to challenge [litigant's] compliance with the prerequisites of his petition for certiorari). Further, the municipal court Clerk had a legal duty to accept the notice of appeal – even if the Clerk believed it to be improperly filed – and, if otherwise appropriate,[3] transmit the notice of appeal to the superior court for its decision regarding whether the appeal could proceed. See *Williams, Birnie & Co. v. Officers of Court*, 61 Ga. 95, 96 (1878) ("[I]t was the legal duty of the clerk of the superior court to enter said appeal cases on the docket of that court, to be tried as other appeal cases[.]"). Once the notice of appeal has been filed, the obligation to prepare the record rests with the clerk. *Holy Fellowship Church of God in Christ v. First Community Bank of Henry County*, 242 Ga. App. 400, 402 (530 SE2d 24) (2000). "[I]t is the responsibility of the clerk of court to prepare the record and transmit it to the appellate court." *Long v. City of Midway*, 251 Ga. 364 (306 SE2d 639) (1983). See generally OCGA § 5-6-43 ("It shall be the duty of the clerk of the trial court to prepare a complete copy of the entire record of the case . . . together with a copy of the notice of appeal . . . and transmit the

---

[3] Although the record contains communications between counsel for the City and Allen asserting that Allen failed to pay costs, post bond, and complete proper service of process, these issues appear not to have been raised in conjunction with the motion to dismiss, and were not ruled upon by the superior court. We render no opinion on whether any defects might make the notice of appeal subject to dismissal.

7

same . . . to the appellate court."); *Jones*, 302 Ga. at 506 (II) ("We begin with an examination of whether the trial court erred in dismissing the Joneses' notice of appeal based on its own conclusion that the underlying order was not appealable. We conclude that the trial court did err because Georgia law generally reserves to the appellate courts the authority to dismiss appeals. See OCGA § 5-6-48.").

In his mandamus petition, the relief Allen seeks is to for the Clerk to follow his legal duty to process the notice of appeal as appropriate. "A clear right to relief exists where an official or agency fails entirely to act or commits a gross abuse of discretion, in performing a public duty that the official or agency is required by law to perform." *Quarters Decatur, LLC v., City of Decatur*, 347 Ga. App. 723, 726 (2) (820 SE2d 741) (2018). The next question we must address is whether the mandamus petition "disclose[d] with certainty that [Allen] would not be entitled to relief under any state of provable facts." (Citation and punctuation omitted.) Id. at 727 (2).

The "relief" at issue here is *not* a determination of whether Allen was wrongly fined for speeding in a school zone. Nor is the "relief" at issue whether Allen correctly filed a direct appeal or whether he should have petitioned for certiorari. The "relief" is whether, under any state of provable facts, he had the right to have the municipal court Clerk accept and properly process his notice of appeal and, if

8

otherwise appropriate,[4] transmit it and the record to the superior court for a determination as to that court's jurisdiction and the propriety of the appeal. "In other words, [Allen] alleged the inaction of a public agency or official charged with acting in a particular manner. Mandamus is a remedy for such inaction." *Quarters Decatur, LLC*, 347 Ga. App. at 726 (2).

Although the Clerk argues that Allen had another adequate remedy at law – to petition the superior court for certiorari – this does not alter our decision.[5] Allen's notice of direct appeal – *whether rightly or wrongly filed* – triggered in the Clerk a duty to accept and properly process the appeal and, if otherwise legally appropriate, transmit that filing and the record to the superior court. Given that the Clerk took no

---

[4] See footnote 3, supra.

[5] It is true that mandamus will not lie if an alternative legal remedy exists, so long as that other remedy is "equally convenient, complete, and beneficial to the petitioner." (Citation and punctuation omitted.) *Schaeffer v. Kearney*, 355 Ga. App. 449, 450 (844 SE2d 515) (2020). In *Schaeffer*, we reversed the grant of a writ of mandamus, finding that a litigant who sought mandamus as a means of challenging the municipal court's *denial of his motion* to have his misdemeanor case bound over to state court had another specific legal remedy available – certiorari. In the instant case, however, because the municipal court never took any official action on Allen's notice of appeal, Allen cannot seek a writ of certiorari, as there is no underlying decision on that appeal from the municipal court. Allen's only means of addressing the Clerk's failure to act is through a writ of mandamus.

action, Allen has no adequate remedy at law other than mandamus to prompt the Clerk to do his legal duty. See *Oconee Bd. of Tax Assessors v. Thomas*, 282 Ga. 422, 425 (2) (651 SE2d 45) (2007) (finding that the "argument that [petitioner] is not entitled to relief without having exhausted her statutory administrative remedies is unavailing in light of the fact that she filed a petition for writ of mandamus to force the [Board of Assessors] to permit her to follow the statutory administrative appeal process").

*Judgment reversed. Miller, P. J., and Mercier, J., concur*.